<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LIZBETH PALLENS, on behalf of KATHIA CRUZ PALLENS,** *Plaintiff*, v. **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** *Defendant.* | Civil Action No. 13-7350 OPINION |

**ARLEO,** U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> J<small>UDGE</small>

Before this Court is Plaintiff Kathia Cruz Pallens' ("Plaintiff") request for review, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g) of the Commissioner of Social Security Administration's ("Commissioner") denial of supplemental security income benefits ("disability benefits") to Plaintiff. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the opinion: (1) fails to consider evidence showing that Plaintiff's impairment medically meets or equals the Medical Listings ("Listings") and (2) fails to considers evidence showing that Plaintiff's impairment functionally equals the Listings. For the reasons set forth in this Opinion, the Court finds that the Commissioner's decision must be **AFFIRMED**.

I.   S<small>TANDARD OF</small> R<small>EVIEW AND</small> A<small>PPLICABLE</small> L<small>AW</small>

   A.  Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). This Court must affirm the Commissioner's decision if there exists substantial evidence to support the decision. 42 U.S.C. § 405(g); <u>Markle v. Barnhart</u>, 324 F.3d 182, 187 (3d Cir. 2003).

Substantial evidence, in turn, "means such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  Stated differently, substantial evidence consists of "more than a mere scintilla of evidence but may be less than a preponderance."  Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 545 (3d Cir. 2003).

"[T]he substantial evidence standard is a deferential standard of review."  Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004).  Accordingly, the standard places a significant limit on the district court's scope of review.  The reviewing court should not "weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Therefore, even if this Court would have decided the matter differently, it is bound by the Commissioner's findings of fact so long as they are supported by substantial evidence.  Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012).

In determining whether there is substantial evidence to support the Commissioner's decision, the Court must consider: "(1) the objective medical facts; (2) the diagnoses of expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; and (4) the claimant's educational background, work history, and present age."  Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972).

### B. Analysis of Childhood Disability

"In order to determine whether a child is disabled, the ALJ considers all relevant evidence including medical evidence, test scores, school records, and information from people who know the child and can provide evidence about functioning — such as the child's parents, care givers, and teachers."  Misavage v. Barnhart, No. 01-1764, 2001 U.S. Dist. LEXIS 23329, at *16 (E.D.

2

Pa. Nov. 30, 2001) (citing 20 C.F.R. § 416.924a(a)).  The Social Security Administration examines three requirements to evaluate whether a child is disabled, namely:

> (1) that the child is not working; (2) that the child had a "severe" impairment or combination of impairments; and (3) that the impairment, or combination of impairments, was of Listing-level severity, meaning the impairment(s) met, medically equaled or functionally equaled the severity of an impairment in the Listings.

T.C. ex rel. Z.C. v. Comm'r of Soc. Sec., 497 F. App'x 158, 160 (3d Cir. 2012) (citing 20 C.F.R. § 416.924(a)); see also 20 C.F.R. § 416.925.  The Listings referred to in step (3) for child disability determinations are found at 20 C.F.R. § 404, Subpart P, Appendix 1.  To determine whether a child's impairment(s) are medically or functionally equal in severity to an impairment contained in the Listings, the Commissioner assesses all functional limitations caused by the child's impairment(s).  20 C.F.R. § 416.926a(a).

To determine whether a child's impairment(s) are functionally equivalent to listed impairments, the Commissioner evaluates the effect of the child's impairment(s) in six domains of functioning.  20 C.F.R. § 416.926a(b)(1).  These six domains are: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  An "extreme" limitation in one domain or "marked" limitations in two domains renders the child's impairment functionally equivalent to a listed impairment under the Commissioner's regulations.  20 C.F.R. § 416.926a(a).  A limitation is "marked" when the impairment(s) seriously interfere with the child's ability to independently initiate, sustain, or complete activities.  20 C.F.R § 416.926a(e)(2)(i).  A marked limitation is more than moderate, but less than extreme.  Id.  A limitation is "extreme" when the impairment(s) very seriously interferes with the child's ability independently to initiate, sustain, or complete activities.

20 C.F.R § 416.926a(e)(3)(i).  If the Commissioner answers each of the three steps in the affirmative, the child is considered to be disabled.

## II. DISCUSSION

### A. Procedural History

This case arises out of a September 17, 2010, application for supplemental security income filed on behalf of the Plaintiff, Kathia Cruz Pallens.  Tr. 128-148.  This application was denied initially on November 3, 2010, and on reconsideration in an undated notice.  Tr. 69, 72-73.  Plaintiff then sought review before an administrative law judge, and a hearing before the Honorable Michael L. Lissek (the "ALJ") occurred on April 17, 2012.  Tr. 75, 99.  Following that hearing, the ALJ issued an opinion on August 15, 2012, in which she found that Plaintiff was not disabled under the standards for child disability.  Tr. 15-36.  Plaintiff's subsequent request for review by the Appeals Council was denied on October 9, 2013.  Tr. 1-8.  Having exhausted her administrative remedies, Plaintiff then timely filed the instant action on December 6, 2013.  Dkt. No. 1, Compl.

### B. Factual Background

Plaintiff is an eighteen year old woman who alleged in her application for disability benefits that she became disabled before she was eighteen years old because of a tethered spinal cord and spinal bifida.  Tr. 129.  As a result of her condition, Plaintiff cannot run or walk for long periods of time, carry heavy objects, or participate in sports or physical education.  Tr. 54, 58, 61-62. Plaintiff's school accommodates these limitations by allowing her to self-regulate in Physical Education, see the nurse as needed, and keep extra sets of textbooks in her classrooms. Tr. 238. Plaintiff takes Gabapentin for her nerves and Percocet and Tylenol for pain, as well as Ditropan, Neomentin, and Pepcid.  Tr. 180.

Plaintiff has previously been awarded SSI benefits. Tr. 10-11, 45. On March 12, 2009, Administrative Law Judge Leonard Olarch awarded Plaintiff SSI benefits for a closed period from August 4, 2004, to November 14, 2006, as a result of spina bifida occulta. Id. At the time ALJ Lissek awarded her benefits, Plaintiff had undergone two operations to untether her spinal cord. Id. In between those two operations, ALJ Lissek determined that Plaintiff was disabled. Id. In August 2010, Plaintiff had lumbar spine surgery and missed school for two months. Tr. 63, 221. In 2011, Plaintiff underwent a procedure to drain fluid on her spine. Tr. 63-64, 212.

Despite her limitations, Plaintiff is able to achieve a high level of academic success, maintain friendships with her classmates, and socialize outside the home with her family. Tr. 58, 61.

### C. The ALJ's Decision

#### 1. Determinations Under the Standard for Children

The ALJ first found that Plaintiff was not engaged in substantial gainful activity. Tr. 24. The ALJ then found that Plaintiff had the following severe impairment: tethered spinal cord status post repair. Id. Finally, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments or functionally equaled the Listings. Tr. 24-32. The ALJ found that Plaintiff's impairments did not meet the criteria of: (1) Child Listing 101.00 (Musculoskeletal System) or (2) Child Listing 101.04 (Disorders of the Spine). Tr. 24.

The ALJ next determined Plaintiff was neither extremely limited nor markedly limited in the domain of moving about and manipulating objects or in the domain of health and physical well-being. Tr. 24-32. Thus, the ALJ concluded that Plaintiff was not disabled during the relevant time period. Tr. 33.

**D. Analysis**

Plaintiff alleges that the Commissioner's decision was defective in two ways: (1) the ALJ's findings at step three failed to take into account all the relevant evidence demonstrating that Plaintiff's impairment medically meets or equals the Listing at 101.04 and (2) the ALJ erred in finding that Plaintiff did not have a marked impairment in the domain of moving about and manipulating objects or in the domain of health and physical wellbeing.  Here, the Court disagrees because the ALJ's findings were based on substantial evidence.

> **1. Alleged Error in ALJ's Determination that Plaintiff's Impairment did not Medically Meet or Equal Listing 101.04**

Plaintiff argues that the ALJ failed to consider important evidence showing that Plaintiff's impairment medically equals Listing 101.04.  The Court disagrees.

The ALJ must compare the combined effect of all of Plaintiff's impairments with one or more of the Listings.  See 20 C.F.R. § 404.1526; Torres v. Comm'r of Soc. Sec, 279 F. App'x 149, 152 (3d Cir. 2008) (ALJ's decision not amenable to judicial review unless reasons indicate Plaintiff's combination of impairments do not meet or equal a Listing).  Plaintiff has the burden of presenting medical findings that show her impairment meets a listed impairment or is equal in severity to a listed impairment.  Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 120 n.2 (3d Cir. 2000).  In order to show that an impairment matches a Listing, "it must meet *all* of the specific medical criteria."  Sullivan v. Zebley, 493 U.S. 521, 530 (1990).  The ALJ is not required "to use particular language or adhere to a particular format" in conducting her analysis, but there must be "sufficient development of the record and explanation of findings to permit meaningful judicial review."  Garrett v. Commissioner of Soc. Sec., 274 F. App'x 159, 162 (3d Cir. 2008) (citing Jones, 364 F.3d at 505)); see also White v. Astrue, No. 10-506, 2011 WL 463058, at *9 (D.N.J. Feb. 3, 2011).

6

Plaintiff has not identified any error here.  The ALJ acknowledged Plaintiff's spina bifida and analyzed its impact under the appropriate standards.  See Tr. 24-26.  The opinion correctly noted that none of the treating physicians found that Plaintiff was disabled during the relevant period.  Tr. 25.  Dr. Samuel Kaye and Dr. Katherine Azaro—two state agency medical consultants—both opined that while Plaintiff's impairments were severe, they did not meet or functionally equal any of the Listings.  Tr. 273-74, 283-84.  No evaluation contradicted this conclusion.

Plaintiff relies on two irrelevant findings to support her argument for disability.  First, Plaintiff's school found that she had a disability requiring accommodations under the Rehabilitation Act.  Tr. 200-01, 350.  The school's finding under the Rehabilitation Act does not indicate disability under the Social Security Act and is not binding under the Social Security Act's particular process for determining disability.  See 20 C.F.R. § 416.904.  Second, Plaintiff notes a previous ALJ decision, wherein the ALJ determined Plaintiff was disabled for a closed period from August 4, 2004 to November 14, 2006.  Tr. 21.  This previous ALJ decision took place four years prior to Plaintiff's application and amended alleged onset date of September 17, 2010. It is immaterial to the present case.  See Tr. 49, 128.  Even if Plaintiff's symptoms in 2010 were identical to the symptoms she experienced during the closed period from 2004 to 2006, the relevant inquiry is whether there is substantial evidence supporting the ALJ's decision in the present case, not whether there is some evidence that would support a different conclusion.  Garrett, 274 F. App'x 159, 162.

Moreover, a review of the medical evidence clearly shows that Plaintiff has not met the burden of proving that her impairments meets all the specific medical criteria in Listing 101.04. To meet Listing 101.04, a claimant must establish that she possesses a:

> *[d]isorder[] of the spine* (e.g., lysosomal disorders, metabolic disorders, vertebral osteomyelitis, vertebral fracture, achondroplasia) resulting in compromise of a nerve root (including the cauda equine) or the spinal cord, with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. § 404, Subpart P, App'x 1, Listing 101.04. Plaintiff falls short of meeting three specific medical criteria in Listing 101.04: evidence of nerve root compression, sensory or reflex loss, and positive straight-leg raising test. First, Plaintiff fails to provide evidence of nerve root compression. Plaintiff cites a September 28, 2011, report from St. Joseph's Healthcare providing evidence of chronic back pain and decreased range of motion, but the report does not link those symptoms to nerve root compression. Tr. 377. While Plaintiff's brief refers to "partial evidence of nerve root compression," it neither explains nor supports this statement. Pl. Br. 16. Next, Plaintiff fails to directly or indirectly assert that she has experienced "sensory or reflex loss." The only evidence in the record pertinent to sensory or reflex loss—a neurological examination conducted by Dr. Romana Kulikova—led to no significant findings. Tr. 382. The uncontested absence of this factor alone is sufficient to conclude that Plaintiff does not meet all the specific medical criteria of the Listing. Third, Plaintiff does not show a positive straight-leg raising test. Plaintiff cites a February 16, 2011 report from University Hospital referring to muscle tightness in her thorax and lower extremities and pain in her buttocks, but the report fails to include a positive straight-leg raising test in either the sitting or supine positions. Tr. 365. Plaintiff has not demonstrated that her impairment meets all the specific medical criteria in Listing 101.04.

As an alternative to arguing that her impairment medically meets the Listing, Plaintiff asserts that her impairment is medically equal to the impairment in the Listing. See 20 C.F.R. §

416.926(b)(2). As noted above, Plaintiff bears the burden of presenting findings showing that her impairment is equal in severity to the listed impairment. See Burnett, 220 F.3d at 120 n.2. Plaintiff supports her argument for equivalency by describing a variety of extraneous symptoms that she asserts are medically equivalent to the symptoms in the Listing. Plaintiff does not, however, support this argument with any medical evidence or opinion testimony demonstrating that the symptoms are actually equivalent to the Listing.

The state agency medical consultants—Drs. Kaye and Azaro—concluded that Plaintiff's impairment neither met nor equaled the specific medical criteria in the Listing. Tr. 273-74, 283-84. Furthermore, the ALJ's independent consideration of the record led him to conclude that Plaintiff had not met her burden of showing medical equivalency to the impairment in the Listing. Contrary to Plaintiff's assertion, the ALJ's evaluation was conducted in accordance with statutory requirements and it involved a consideration of all relevant evidence, including the objective medical data and testimony from the claimant. Tr. 25. In his opinion, the ALJ specifically referenced medical exhibits from both University Hospital and St. John's Hospital—the primary sources relied upon by Plaintiff in making her claim for medical equivalency. Tr. 30.

Plaintiff's unsupported argument for medical equivalency is not a compelling reason to discount the conclusion of the state agency medical consultants. The ALJ need not address every shred of evidence in the record; rather, the record must permit meaningful review. Jones v. Barnhart, 364 F.3d 501, 504-05 (3d Cir. 2004). Here, the ALJ's consideration was adequate. Plaintiff has the burden of showing that her impairments meet or equal a listed impairment, and she has fallen considerably short. See Burnett, 220 F.3d at 120 n.2.

### 2. Alleged Error in ALJ's Finding that Plaintiff's Impairment did not Functionally Equal any Listing

9

Plaintiff argues that the ALJ erred in finding that the Plaintiff did not have a marked limitation in either the domain of moving about or manipulating objects or in the domain of health and physical well-being. It is Plaintiff's burden to demonstrate that she has a marked limitation in these domains. See Burnett, 220 F.3d at 118. The Court is not persuaded.

### a. Moving About and Manipulating Objects

Plaintiff contends that the ALJ failed to consider relevant evidence demonstrating a marked limitation in the domain of moving about and manipulating objects. Specifically, Plaintiff argues that the ALJ minimized evidence relating to Plaintiff's pain and fatigue. The ALJ did not err.

The domain of moving about and manipulating objects considers how well a child is able to move her body from one place to another and how a child moves and manipulate things. 20 C.F.R. § 416.926a(j). Examples of limited functioning in this domain include difficulty with motor activities, difficulty with balancing or climbing up and down stairs, difficulty coordinating gross motor movements, difficulty with sequencing hand or finger movements, difficulty with fine motor skills, and poor eye-hand coordination when using pencils or scissors. 20 C.F.R. § 416.926a(j)(3)(i-vi).

The ALJ noted his consideration of the Plaintiff's relevant impairments in this domain, including Plaintiff's fatigue, inability to carry more than one schoolbook at a time, difficulty running and walking for long periods of time, and pain when sitting. Tr. 30. The ALJ determined that these issues, including Plaintiff's inability to participate in regular Physical Education classes, are easily accommodated in the school context. Id. Furthermore, Plaintiff conceded that her inability to carry more than one book at a time was not a problem and did not cause her to miss a significant amount of class time. Tr. 30, 55. The record demonstrates that Plaintiff performs well in school, maintains friendships, socializes with her family on weekends, and is able to cope with

the pain she experiences after sitting for long periods of time. Tr. 54, 56, 58, 61. Moreover, the state agency medical consultants determined that Plaintiff had a less than marked limitation in this domain. Tr. 276, 288.

Plaintiff argues that the ALJ did not consider important evidence in reaching his conclusion. In particular, Plaintiff contends that the ALJ failed to mention the severity of Plaintiff's pain, the severity of Plaintiff's fatigue, and the fact that Plaintiff's mother sometimes puts on Plaintiff's shoes for her. Plaintiff further contends that the ALJ ignored the medical evidence regarding the decreased motion of Plaintiff's spine, weakness in her legs, and dizziness. Plaintiff's arguments are not compelling. First, as noted, the ALJ is not required to mention every piece of evidence in the record; rather, the record must permit meaningful review. Jones, 364 F.3d 501, 504-05 (3d Cir. 2004). Second, the ALJ specifically discussed Plaintiff's pain, Plaintiff's fatigue, and Plaintiff's medical condition in his analysis under this domain. Tr. 30. Additionally, while he did not explicitly mention Plaintiff's decreased motion, weakness, and dizziness, the ALJ noted his consideration of the medical records that describe those symptoms. Tr. 24, 25, 30.

In light of Plaintiff's ongoing ability to handle the motor requirements of school, the ALJ's opinion here is supported by substantial evidence. The record contains substantial evidence supporting the ALJ's conclusion that Plaintiff's limitations do not seriously interfere with her ability to initiate, sustain, or complete activities, especially given the accommodations provided by Plaintiff's school. 20 C.F.R § 416.926a(e)(2)(i). The ALJ's review of the evidence here was adequate.

### b. Health and Physical Well-Being

Plaintiff argues that the ALJ failed to "cite and, therefore, failed to consider" evidence of Plaintiff's fatigue, numbness in her toes, incontinence, fluid on her spine, dizziness, decreased

range of motion, weakness of her legs, muscle spasms and tightness. Pl. Br. 27. Plaintiff then asserts that these symptoms are sufficient to prove a marked limitation in the domain of health and physical well-being. The Court disagrees.

The domain of health and physical well-being considers the cumulative physical effects of physical and mental impairments and associated treatments or therapies on a child's health and functioning that were not considered in the evaluation of the child's ability to move and manipulate objects. 20 C.F.R. § 416.929a(l). Examples of limited functioning in the domain include generalized symptoms, such as weakness, dizziness, agitation, or lethargy, or psychomotor retardation, somatic complaints related to an impairment, limitations in physical functioning because of need for frequent treatment or therapy, periodic exacerbations from an impairment that interferes with physical functioning, and medical fragility requiring intensive medical care to maintain level of health and physical well-being. 20 C.F.R. § 416.929a(l)(4)(i-v).

The ALJ determined that Plaintiff had a less than marked limitation in the domain of health and physical well-being. Tr. 32. The ALJ noted two relevant factors limiting Plaintiff's ability to function in the context of this domain: first, Plaintiff goes to the school nurse to take medication for thigh and buttock pain and, second, the pain medication makes Plaintiff drowsy. Tr. 32, 51, 57. Plaintiff testified that neither the medication, which she only takes the twice per week, nor the drowsiness it causes are significant problems. Tr, 57, 60. Furthermore, both of the state agency medical consultants concluded that Plaintiff's impairments did not amount to a marked or extreme limitation in this domain. Tr. 276, 288.

Plaintiff argues that that the ALJ failed to cite and, therefore, to consider evidence of Plaintiff's symptoms relevant to this domain. Again, the standard is not that the ALJ must mention every piece of evidence in the record; rather, the record must provide sufficient evidence for

review. Jones, 364 F.3d 501, 504-05 (3d Cir. 2004). The ALJ noted his consideration of the medical records, which describe the symptoms cited by Plaintiff. Tr. 24, 25, 30. More importantly, Plaintiff's allegations fail to provide compelling evidence that Plaintiff is significantly limited in her daily life. As noted above, Plaintiff performs well in school and socializes with friends and family. Tr. 54, 56, 58, 61.

Additionally, Plaintiff cites to 20 C.F.R. § 416.926a(l)(4)(m), which provides an example of an impairment that would functionally equal the listing under this domain: "Any condition that is disabling at the time of onset, requiring continuing surgical management within 12 months after onset as a life-saving measure or for salvage or restoration of function, and such major function is not restored or is not expected to be restored within 12 months after onset of this condition." Plaintiff argues that the untethering surgery in 2010, followed by the procedure to drain fluid on Plaintiff's spine, is analogous to the statutory example. On the contrary, ALJ Lissek found no disabling condition present at any time, including the alleged onset date of September 17, 2010. Tr. 49, 212, 221. Even considering the previous ALJ's finding of disability beginning on August 4, 2004, the above untethering and draining procedures occurred well after 12 months from that date. See Tr. 21.

The record demonstrates that Plaintiff is able to lead a relatively normal life, albeit with reasonable accommodations. The ALJ's decision that Plaintiff has less than a marked limitation in the domain of health and physical well-being is supported by substantial evidence.

### III.   CONCLUSION

For the foregoing reasons, the Court finds the Commissioner's denial of benefits to Plaintiff to be supported by substantial evidence. The Commissioner's denial of disability benefits is therefore **AFFIRMED.**

Date: October 26, 2015                            */s Madeline Cox Arleo*
                                                  **MADELINE COX ARLEO**
                                                  **UNITED STATES DISTRICT JUDGE**

Case 2:13-cv-07350-MCA   Document 13   Filed 10/26/15   Page 14 of 14 PageID: 490